**HOME STAKE PRODUCTION COMPANY, a corporation, Appellant,**

v.

**TRUSTEES OF IOWA COLLEGE, Grinnell, Iowa, a corporation, Appellee.**

**No. 7333.**

United States Court of Appeals
Tenth Circuit.

May 18, 1964.

Thomas A. Landrith, Jr., of Landrith, McGee & Dowd, Tulsa, Okl. (Richard K. McGee and W. Timothy Dowd, Tulsa, Okla., with him on brief), for appellant.

Jack H. Santee, of Martin, Logan, Moyers, Martin & Conway, Tulsa, Okl. (Villard Martin, Jr., Tulsa, Okl., with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a judgment in a diversity suit, reforming an Oklahoma written contract for mutual mistake of fact. The basic facts, tried to the Court, are not in dispute. Appellant, Home Stake Production Company made a written offer to assign to appellee-Trustees "a 3/32 overriding royalty interest out of the Kipfer 'A' Lease" in exchange for appellee's "net profits interest" in the same Lease. Home Stake's written offer was accepted by appellee, subject to further agreement between the parties upon the terms of development. The "Kipfer A Lease" is the oil field nomenclature used by the parties to designate a leasehold estate comprised of two oil and gas leases—the Darby Estate Lease [1] and the Lyke Lease,[2] each covering an undivided one-half mineral interest in the same 40-acre tract. The Trustees owned a one-half net profits interest in all oil and gas produced from the entire leasehold estate. Throughout the negotiations culminating in the contract, the parties referred to the property as the "Kipfer A Lease," and the preliminary draft of the formal instrument, submitted to the Trustees for approval, pertinently described the assigned overriding royalty interest as, "3/32nds of the working interest in and to the Northwest Quarter of the Northeast Quarter of Section 13

* * * "—the legal description of the "Kipfer A Lease." The attorney for the Trustees approved the draft as to form, but "suggested that it would be better form to describe the overrides as being a burden on the leasehold estate rather than on the described real estate." The final instrument of exchange, as executed by the parties, described the assigned override as "3/32nds of 8/8ths of production under the oil and gas lease * * executed by * * * executors of the estate of J. F. Darby, deceased * * * and covering the Northwest Quarter of the Northeast Quarter of Section 13 * * *." Upon receipt of the Division Order, the Trustees noticed, apparently for the first time, that the Lyke Lease was not included in the Division Order or the contract, and immediately notified their attorney who contacted Home Stake, claiming a mistake in the drafting of the contract. When Home Stake refused to reform the contract to include the Lyke Lease, this suit was brought for equitable relief.

The trial Court found that Home Stake's written offer as accepted expressed the intent of the parties to assign to the Trustees a 3/32nds overriding royalty interest in the entire leasehold estate; that the description of the Lyke Lease was inadvertently omitted from the contract; and, that the Trustees were not negligent in their failure to notice the omission of the Lyke Lease before execution of the instrument and were, therefore, entitled to reformation of the contract to include the Lyke Lease.

It is a general rule, applicable in Oklahoma, that "where parties orally agree upon the terms of a written contract, but either through mutual mistake or through mistake on the part of one, and fraud or inequitable conduct on the part of the other, the written agreement

---

1. An oil and gas lease, dated May 10, 1956, executed by Don C. Bothwell and Wm. F. Hendrick, Executors of the Estate of J. F. Darby, deceased, and recorded in Book 21, Oil & Gas, at page 579, in the office of the Register of Deeds, Greenwood County, Kansas.

2. An oil and gas lease, dated March 12, 1956, executed by Arthur Lyke and Lydia Lyke, his wife, and recorded in Book 20, Oil & Gas, at page 532, in the office of the Register of Deeds, Greenwood County, Kansas.

drafted to evidence the oral contract fails to express the real agreement and intention of the parties, equity may grant reformation of the written contract to comply with the antecedent oral agreement." Ohio Casualty Ins. Co. v. Callaway, 10 Cir., 134 F.2d 788, 789. But, equity will not make a contract or lightly interfere with a contract the parties have made, and the party seeking reformation must prove his case by clear and convincing evidence. See: Oklahoma City Federal Savings & Loan Assn. v. Clifton, 183 Okl. 74, 80 P.2d 283, and Ware v. City of Tulsa, Okl., 312 P.2d 946.

Home Stake's contention is to the effect that the contracting parties were highly sophisticated oil men, bargaining at "arms length" for the best possible advantage; that both parties knew that the "Kipfer A Lease" was actually comprised of two leases—the Darby Estate Lease and the Lyke Lease; that nothing in the record indicates that Home Stake's agent did not intend to bargain in accordance with the terms of the contract as executed by the parties; that there can, therefore, be no mutual mistake; and, that if the executed contract did not speak the mind of the Trustees, it was due to their own negligence.

We agree with the trial Court that Home Stake's written offer to assign to the Trustees a "3/32 overriding royalty interest out of the Kipfer 'A' Lease," when considered in the vernacular used to describe the leasehold as comprising both the Darby Estate Lease and the Lyke Lease, is clear evidence of an intention to assign an undivided fractional interest in the entire leasehold estate and not the component Darby Estate Lease. This intention is supported by the preliminary draft assigning "3/32nds of the working interest in and to the Northwest Quarter of the Northeast Quarter of Section 13 * * *," and by the suggestion made by appellee's attorney that the form of the contract be changed to describe the leasehold estate rather than the realty.

The evidence of intention, resting as it does largely in writing, leaves no room for doubt that the parties bargained for an override in the entire leasehold, and that the Lyke Lease was mistakenly omitted from the formal contract. It may be, as Home Stake contends, that the Trustees were negligent in failing to detect and call attention to the omission prior to execution of the formal contract. But, "negligence is not in itself a defense, else there would be no ground for reformation for mistake, as mistakes nearly always presuppose negligence." Columbian Nat. Life Ins. Co. v. Black, 35 F.2d 571, 575. And see: Annot., 81 A.L.R.2d 7. To paraphrase the Columbian Nat. Life Ins. Co. case, the negligence here, if any, consists of not reading line for line the legal description of the interest conveyed by the contract. We agree that the mistake, if negligent, was excusable. In any event, Home Stake has no standing to take advantage of it.

Affirmed.